**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JOSE CASTILLO TORRES,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )    **No. CIV-26-619-D** |
| | ) |
| **WARDEN SCARLET GRANT et** | ) |
| **al.,** | ) |
| | ) |
| **Respondents.**[1] | ) |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner Jose Castillo Torres, a noncitizen proceeding pro se[2], seeks a

writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District

Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate

Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. The

---

[1]    Counsel for Robert Cerna, ICE Dallas Field Office Director entered an appearance on April 7, 2026. Doc. 6, at 1. Counsel advised the Court that Respondent Scarlet Grant is not a federal official, and that the Government's response is not filed on her behalf. *Id.* at 1 n.1.

[2]    This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

[3]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

1

Government responded, Doc. 7, and  Petitioner replied, Doc. 8. For the reasons set forth below, the undersigned recommends the Court grant habeas corpus relief and order Petitioner's immediate release.

## I.    Factual background and Petitioner's claims.

Petitioner is a citizen of Venezuela who entered the United States on or about November 8, 2023. Doc. 7, at 1. The Department of Homeland Security (DHS) issued a Notice to Appear (NTA) and placed him in removal proceedings. *Id.* (citing Ex. 1). DHS charged him as removable under 8 U.S.C. § 1182(a)(6)(A)(i)[4] of the Immigration and Nationality Act (INA). DHS released Petitioner on his own recognizance on November 18, 2023. *Id.* at 1-2. On November 6, 2024, Petitioner filed for asylum. *Id.* at 2 n.1 (citing Exs. 2 & 3).

Petitioner states he has appeared for every check-in with Immigration and Customs Enforcement (ICE). Doc. 1, at 6. He states that he was detained by ICE without any notice at a routine check-in appointment on January 20, 2026. *Id.*

Petitioner alleges his detention violates his procedural due process rights and is unlawful. *Id.* at 6. He raises the following grounds for relief:

(1)    Arbitrary arrest and detention without prior notice and an

---

[4]    Section 1182(a)(6)(A)(i) provides that an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General are ineligible to be admitted to the United States. 8 U.S.C. § 1182(a)(6)(A)(i).

> opportunity to respond in violation of the Fifth Amendment's Due Process clause; and

(2)    Unlawful detention without a bond hearing.

*Id.* He asks this Court to grant the writ, order his immediate release on an appropriate order of release, or in the alternative, order Respondent to provide him with a constitutionally adequate bond hearing before a neutral decision maker; adjudicate the matter in an expedited fashion; and enjoin Respondent from further illegal detention of Petitioner. *Id.* at 7.

## II.    Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III.    Analysis.

### A.    Petitioner's detention was unlawful.

The Government maintains that the basis for Petitioner's Fifth Amendment claim is "unclear" and he has not made out a cognizable claim. Doc. 7, at 8.

This Court has previously compared §§ 1225 and 1226 and decided

noncitizens like Petitioner are entitled to a bond hearing under § 1226. *See, e.g., Cortes v. Holt*, No. 25-1176-SLP, 2026 WL 147435, at *3-7 (W.D. Okla. Jan. 20, 2026); *see also Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026). The Court should reach the same result in this case.

Section 1225(b)(2)(A) "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control," and "'[n]oncitizens 'seeking admission' are those who have not 'effected an entry' into the United States.'" *Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *4 (W.D. Okla. Dec. 16, 2025) (quoting *Sacvin v. Anda-Ybarra,* 2025 3187432, at *3 (D.N.M. Nov. 14, 2025)). Because Petitioner effected entry into the country over two years ago, he is not subject to § 1225(b)(2)(A)'s mandatory detention requirement. Numerous Judges in this District have held likewise. *See Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *2 (W.D. Okla. Jan. 13, 2026) ("The court also agrees that § 1226(a), not § 1225(b)(2)(A), governs petitioner's detention."); *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025) ("Because Petitioner has been unlawfully living in the United States for many years without seeking admission, this provision does not apply to him. Instead, Petitioner's detention is controlled by § 1226(a)."); *Escarcega v. Olson,* No. CIV-25-1129-J, 2025 WL 3243438, at *2 (W.D. Okla. Nov. 20, 2025) ("[B]ased on the plain language of

4

§ 1225(b)(2)(A), the phrase 'seeking admission' only applies to noncitizens who are presently and actively seeking lawful entry into the United States at the border." (internal quotation marks and alterations omitted)).[5] As well as determining that if "all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant and courts should avoid statutory interpretations that 'make[] any part [of the statute] superfluous.'" *Escarcega*, 2025 WL 3243438, at *3 (quoting *Fuller v. Norton*, 86 F.3d 1016, 1024 (10th Cir. 1996)).

Petitioner's asylum request does not change this outcome. This Court has "declined to find" that either refusing to voluntarily depart or seeking asylum "'constitutes 'seeking admission' for purposes of this subsection.'" *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (quoting *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL

---

[5]     *Cunha v. Freden,* 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026) ("Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text."); *see also Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026) (holding § 1225 applied to the petitioner's detention); *Montoya v. Holt*, No. CIV-25-1231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2026) (same); *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) (applying § 1225 to a similar habeas challenge); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026) (same).

18932, at *1 (W.D. Okla. Jan. 2, 2026)); *see also Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) (finding "§ 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum").

When Petitioner was detained after residing in the country for over two years, he was not subject to mandatory detention under § 1225(b)(2)(A). Instead, Petitioner is subject to § 1226, and was "entitled to a prompt bond hearing before an immigration judge pursuant to § 1226(a)." *Cortes*, 2026 WL 147435, at *7.

### B.    Respondents violated the INA.

Section 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country." *Jennings v. Rodriguez,* 583 U.S. 281, 303 (2018). Section 1226(a) authorizes the arrest and detention of noncitizens, "on a warrant issued by the Attorney General . . . pending a decision on whether [they are] to be removed." 8 U.S.C. § 1226(a). When the government promulgates regulations "with the force and effect of law," agencies are bound to follow their own "existing valid regulations." *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265, 268 (1954). And pertinent to Petitioner's claims, "[t]he statutes and regulations governing immigration and removal proceedings afford important procedural safeguards to detainees." *Villanueva v. Tate,* 801 F. Supp. 3d 689, 698-99 (S.D. Tex. 2025).

For his procedural due process and unlawful detention claims, Petitioner

argues that he received no notice or opportunity to respond to the reasons for why his release was being revoked. Respondents develop no fulsome argument against these claims.

As to the revocation of Petitioner's parole, the Secretary of Homeland Security and the immigration officials listed in 8 C.F.R. § 236.1(c)(9) have broad discretion to revoke such bond or parole "at any time . . . ." But with that discretion comes responsibility. After an authorized official exercises discretion to revoke the bond granted under 8 U.S.C. § 1226(a), the noncitizen is to be rearrested under the original warrant. *See id.* § 1226(b) ("The [Secretary of Homeland Security] at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien."). No evidence in the record indicates that any authorized official chose to exercise their discretion to revoke Petitioner's release. That alone is sufficient to find that proper procedures were not followed in effectuating Petitioner's detention.

Petitioner's initial release reflects a determination by the IJ that he posted neither a flight risk nor a danger to the community. *See Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *7 (N.D. Cal. Sept. 12, 2025) ("Ms. Salcedo Aceros was release in accordance with . . . § 1226 of the [INA] and the applicable provisions of Title 8 of the Code of Federal Regulations. Under federal regulation, DHS was authorized to release her under § 1226 only upon

a determination that such release would not pose a danger to property or persons and that she was likely to appear for any future proceeding.") (alteration omitted) (internal citation and quotation marks omitted) (citing 8 C.F.R. § 1236.1(c)(8)). Thus, DHS may generally not re-arrest a previously released noncitizen "absent a change in circumstances." *Id.* at \*1 (first citing *Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) and then citing *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017)).

Further, there is no evidence that Petitioner was arrested pursuant to his original warrant of arrest. And there is no dispute Petitioner did not receive an individualized bond hearing. Under federal regulations, noncitizens detained under § 1226(a) are entitled to individualized bond hearings at the "outset of detention." *Jennings*, 583 U.S. at 306. Consequently, Respondents' re-detention of Petitioner violated the INA.

Based on this record, the Court concludes Respondents violated the INA when they summarily revoked Petitioner's release.

### C.    Respondents violated Petitioner's due process rights when they summarily revoked his release.

"The Fifth Amendment's Due Process Clause forbids the Government to deprive any person of liberty without due process of law." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (internal quotation marks and alterations omitted). "Freedom from imprisonment—from government custody, detention, or other

forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.*; *cf. Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (internal quotation marks omitted)). Individuals who have been conditionally released from detention have a protected interest in their "continued liberty." *Young v. Harper*, 520 U.S. 143, 147 (1997). "This is true even when the released individual is subject to extensive conditions of release." *Villanueva*, 801 F. Supp. 3d at 704.

This Court analyzes Petitioner's due process claim to determine whether he has a protected liberty interest under the Due Process Clause, and what process is necessary to ensure any deprivation of that liberty interest aligns with the Constitution. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

In examining the necessary process, the Court turns to the three factors set forth in *Mathews v. Eldridge*: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976).

"When the government grants [a noncitizen] parole into the country, it creates a liberty interest intimately tied to freedom from imprisonment." *Sanchez v. LaRose*, 2025 WL 2770629, at *3 (S.D. Cal. Sept. 26, 2025); *see also Iza v. Arnott*, 2026 WL 67152, at *3 (W.D. Mo. Jan. 8, 2026) ("Individuals released on parole or other forms of conditional release have a liberty interest in their 'continued liberty.'" (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972))). Petitioner's interest in physical freedom "is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004).

Turning to the *Mathews* factors, the Court finds that Petitioner has a significant private interest in remaining free from detention after spending more than two years on release. To be sure, "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore v. Kim*, 538 U.S. 510, 522 (2003). But that power remains "subject to important constitutional limitations." *Zadvydas*, 533 U.S. at 695. And it does not erase Petitioner's significant interest in remaining free from detention.

Respondents do not challenge Petitioner's assertions that he was released in November 2023. During his two-plus years of release, his interest in release grew even stronger as he presumably "form[ed] the other enduring attachments of normal life." *Morrissey*, 408 U.S. at 482. The first *Mathews* factor favors Petitioner.

Second, the Court considers "the risk of an erroneous deprivation of such

10

interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews*, 424 U.S. at 335. The risk of an erroneous deprivation of Petitioner's liberty interest is considerable where he has received no notice of the reason for his release revocation and simple procedures exist that would mitigate those risks.

"Constitutionally inadequate notice also often leads to constitutionally inadequate opportunity to be heard, because opportunity to be heard must be meaningful to be constitutionally sufficient." *Saqib v. Andrews*, 2026 WL 350830, at *6 (E.D. Cal. Feb. 9, 2026). Nothing in the record shows that Petitioner received any procedural safeguards to determine whether the revocation of his release and his detention were justified. And thus Respondents detained him without any stated cause. This factor weighs in Petitioner's favor. *See, e.g., E.A. T.-B v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025) ("That the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.").

Finally, the Court considers the Government's interest, including any fiscal or administrative burdens. *Mathews*, 424 U.S. at 335. "While this Court recognizes that the government has an interest in enforcing immigration laws, the government's interest in re-detaining [P]etitioner without adequate notice and an opportunity to challenge the revocation of his release is low." *Saqib*,

11

2026 WL 350830, at *6; s*ee, e.g., Diaz v. Kaiser*, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) ("[T[he Court concludes that the government's interest in re-detaining Petitioner[ ] . . . is 'low,' particularly in light of the fact that Petitioner[ ] has long complied with his reporting requirements."). And the Court can discern no significant administrative or fiscal burden associated with placing the burden on the government to follow its own regulations. *See, e.g., Iza*, 2026 WL 67152, at *3 ("An alien's opportunity to be heard regarding the revocation of his parole is only meaningful if the government comports with its own internal standards regarding parole revocation."). Especially given that Petitioner's detention was deemed not necessary for over two years.

### D.     The appropriate remedy is release.

The undersigned concludes Respondents breached the INA and violated Petitioner's due process rights when they summarily revoked his release. The Court next turns to the appropriate remedy.

"Federal courts are authorized under 28 U.S.C. § 2243 to 'dispose of [a habeas petition] as law and justice require'" and thus possess "broad discretion to craft appropriate habeas relief[.]" *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012) (quoting *Douglas v. Workman,* 560 F.3d 1156, 1176 (10th Cir. 2009)); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice'" (quoting *Levy v. Dillon,* 415 F.2d 1263, 1265 (10th

12

Cir. 1969)) (emphasis added by *Burton*).

Given the Government's conduct here, release is warranted. *See Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (Order adopting Report and Recommendation) (ordering Petitioner's immediate release and stating "[w]hile the Attorney General has authority to revoke bond 'at any time' under 8 U.S.C. § 1226(b), 'if an immigration judge has determined the noncitizen should be released, the DHS may not re-arrest that noncitizen absent a change of circumstance[s].'") (quoting *Salcedo Aceros*, 2025 WL 2637503, at *1); *Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M. Feb. 17, 2026) (ordering release where the Government "failed to articulate a legitimate interest in Petitioner's continued detention"); *Alfaro Herrera v. Baltazar*, 2026 WL 91470, at *1 (D. Colo. Jan. 13, 2026) (same).

Based on these findings, the undersigned recommends the Court grant the habeas corpus petition and release Petitioner from detention subject to the same conditions that governed his earlier parole.

## V.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Petitioner's request for habeas relief, and order his immediate release from custody subject to the terms of his unlawfully revoked release. The undersigned further recommends that the Court order Respondents submit a declaration pursuant to 28 U.S.C. § 1746 affirming that Petitioner has been

13

released from custody within five business days of the Court's order.

The undersigned advises the parties of their rights to file an objection to this Report and Recommendation with the Clerk of this Court on or before May 11, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2).[6] The undersigned further advises the parties that failure to make a timely objection to this report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in this matter.

ENTERED this 7th day of May, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[6] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation to three days. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").