IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSE CASTILLO TORRES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-619-D |
| | ) | |
| WARDEN SCARLET GRANT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Jose Castillo Torres filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Petitioner is a citizen of Venezuela who entered the United States on or about November 8, 2023. [Doc. No. 7-1]. On November 9, 2023, the U.S. Immigration and Customs Enforcement (ICE) issued Petitioner a Notice to Appear, and he was placed in removal proceedings. *Id.* Petitioner was charged as removable under the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i)/ 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* On November 18, 2023, Petitioner was released from detention into the United States on his own recognizance. [Doc. No. 1, at p. 6]. Petitioner asserts that he has complied with all conditions of his release. *Id.*

On January 20, 2026, Petitioner was re-detained by ICE at his routine check-in appointment. *Id.* Petitioner has been in the custody of ICE since January 20, 2026, and his removal proceedings are ongoing. *Id.* Petitioner is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). [Doc. No. 7, at p. 2]. Petitioner contends that his

detention violates his procedural due process rights and is unlawful. [Doc. No. 1]. Specifically, he alleges grounds that support his claims are:

> 1. Arbitrary arrest and detention at a routine ICE checkin without prior notice and an opportunity to respond in violation of the Fifth Amendment Due Process Clause; [and]
>
> 2. Unlawful detention without a bond hearing.

*Id.* at p. 6. Petitioner seeks to be released or be provided with a bond hearing. *Id.* at p. 7.

The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4]. Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. No. 7], and Petitioner filed a reply [Doc. No. 8].

On May 7, 2026, the magistrate judge issued a Report and Recommendation [Doc. No. 9], recommending that the Court grant the Petition and order Respondents to release Petitioner from custody on the same terms of release he had prior to his unlawful arrest and revocation of his release. Respondents filed a timely Objection to the Report and Recommendation [Doc. No. 10]. Thus, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).

Respondents object to the Magistrate Judge's conclusion that 8 U.S.C. § 1226(a) applies to Petitioner's arrest and re-detention, and not § 1225(b)(2)(A). Respondents assert that § 1225(b)(2)(A) applies to Petitioner's re-detention, and not § 1226(a). Generally, "§

2

1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted). In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing. *Id.*; *see also Aranda v. Olson*, No. 4:25-cv-156-GNS, 2025 WL 3499061, at *4 (W.D. Ky. Dec. 5, 2025) ("Overall, Section 1226(a) provides for a discretionary authority requiring an individualized bond determination before a noncitizen may be taken into custody.") (quotation and citation omitted).

This Court has previously construed § 1225(b)(2)(A) as unambiguously requiring that an "applicant for admission" also be "seeking admission" for the section to control.[1] *See Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *4 (W.D. Okla. Dec. 16, 2025). Further, this Court has previously declined to find that refusing to self-deport or submitting an asylum application constitute "seeking admission" for purposes of § 1225(b)(2)(A). *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026); *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026); *see also Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) ("The court additionally agrees with Judge Maxfield that § 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum."); *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *1-2

---

[1] On this issue, the Court finds persuasive the analysis provided by the Second Circuit in *Cunha v. Freden*, 175 F.4th 61 (2d. Cir. 2026) and by the Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). The Court also acknowledges the contrary 2-1 decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

(W.D. Okla. Jan. 23, 2026) (ordering the respondents to provide the petitioner a bond hearing under § 1226(a) where the petitioner had been released on his own recognizance and later applied for asylum).

In this case, because Petitioner has been residing in the United States for years and was present in the country when he was re-detained, Petitioner does not fall into the mandatory detention provision of § 1225(b)(2)(A). *See Colin*, 2025 WL 3645176, at *5; *Malacidze*, 2026 WL 227155, at *3. Accordingly, § 1226(a) controls Petitioner's detention, and he is therefore entitled to a bond hearing. *See Hernandez*, 2025 WL 2996643, at *3 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)) ("Federal regulations also provide that noncitizens detained pursuant to § 1226(a) are entitled to individualized bond hearings.").

Moreover, the Magistrate Judge concluded that in arresting and re-detaining Petitioner, Respondents violated 8 C.F.R. § 236.1(c)(9), and 8 U.S.C. § 1226(b). In a footnote, Respondents objected asserting that Petitioner did not sufficiently raise this argument, and that the INA and implementing regulations do not require notice be given prior to rearrest. [Doc. No. 10, at p. 10 n. 3].

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991). However, "the court cannot take on the responsibility of serving as the [*pro se*] litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

4

Construing the Petition liberally, the Court finds that Petitioner did not allege that ICE violated any of its policies or procedures, or governing regulations or statutes in arresting and re-detaining him. Accordingly, the Court need not and does not address the issue of whether ICE violated its policies or procedures, or governing regulations or statutes in arresting and re-detaining Petitioner.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 9] is **ADOPTED IN PART**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a), or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 5th day of June, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE